IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| Ronald Sciortino on behalf of himself and all others similarly situated | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CASE NO.: |
| | : | |
| Merscorp Holding, Inc. | : | CLASS ACTION COMPLAINT |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT FOR VIOLATING THE FAIR CREDIT REPORTING ACT

**COMES NOW**, the Plaintiff, Ronald Sciortino, by and through the undersigned counsel and files this Complaint against the above named Defendant, showing the Court as follows:

## INTRODUCTION

1.

This action seeks redress for Defendant's refusal to comply with the Fair Credit Reporting Act 15 U.S.C§ 1681 *et seq.*(hereinafter "FCRA") and release the Plaintiff and putative Plaintiff's consumer file upon request and/or disclose the identity of each person (including each end-user identified under section 1681e (e)(1) of the FCRA) that procured a consumer report— (i) for employment purposes, during the 2-year period preceding

the date on which the request was made; or (ii) for any other purpose, during

the 1-year period preceding the date on which the request was made.

## PARTIES

2.

Plaintiff Ronald Sciortino is the subject of the dispute complained about

herein, is a resident of Gwinnett County, Georgia and a "consumer" [1] as defined in

the FCRA.

3.

Defendant Merscorp Holding, Inc. (hereinafter "MERS") [2] is consumer

reporting agency as defined in 15 U.S.C. § 1681(f) that for monetary fees, dues, or

on a cooperative nonprofit basis, regularly engages in whole or in part in the

practice of assembling or evaluating consumer credit information or other

information on consumers for the purpose of furnishing consumer reports to third

parties, and which uses any means or facility of interstate commerce for the

purpose of preparing or furnishing consumer reports.

4.

MERS may be served with a copy of the summons and complaint through its

registered agent for service Sharon Horskamp located at 1818 Library Street, Ste.

300, Reston, Virginia 20190.

---

[1] 15 U.S.C. § 1681(c) The term "consumer" means an individual.
[2] MERS also is the owner of Mortgage Electronic Registration Systems, Inc.

## JURISDICTION AND VENUE

5.

The court has jurisdiction to grant the relief sought by Plaintiff pursuant to 15 U.S.C. §1681(p).

6.

Venue in this court is proper in that the named Plaintiff resides within the Northern District of Georgia.

## FACTUAL ALLEGATIONS

7.

According to the Defendant, it maintains a consumer "file"[3] on more than sixty three million (63,000,000) "consumers" as that term is defined in the FCRA. (See Exhibit "A" p. 1 Seamless MERS Integration)

8.

Defendant sells "consumer reports"[4] which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing

---

[3] 15 U.S.C. § 1681A(g) The term "file", when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.

[4] 15 U.S.C. § 1681A(d) Consumer Report.— (1) In general.— The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or

the consumer's eligibility for— (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of the FCRA.

9.

Unbeknownst to residential mortgage applicants, when a mortgage is applied for with a Fraud Alert member, regardless of whether or not it has been approved, the mortgage application information is uploaded to MERS to be included in its Fraud Alert database and a consumer file is created on that person or if ones exists the information is merged into the existing file.

10.

The consumer report sold by the Defendant contains without limitation, the following information, the consumers confidential social security number, date of birth, age, height, weight, other identifying characteristics, home address, previous address, occupation, mortgage loan amount, the creditor that issued the loan along with the current servicer of the loan.

---

mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—
(A) credit or insurance to be used primarily for personal, family, or household purposes;
(B) employment purposes; or
(C) any other purpose authorized under section 1681b of this title.
(internal footnote omitted)

11.

For a small fee, any person or entity can access all the information in the Fraud Alert database on any consumer at anytime using a website maintained by the Defendant.

12.

Thus, consumers that have ever applied for a loan with a Fraud Alert member are included in this database without their knowledge or consent, including, without limitation, politicians, law enforcement officials, judges, clergymen, high ranking military officers and other high profile individuals.

13.

Unlike Equifax, TranUnion and Experian, MERS does not have a policy in place to prevent the disclose of consumers reports of high profile individuals, indeed very few people outside the mortgage industry even know of the existence of the secret database thereby making it ripe for exploitation for nefarious and other illegal reasons such as identity theft.

14.

MERS, as a matter of company policy, will never disclose the contents of the consumer's file to the consumer or the source of the information.

15.

MERS, as a company policy, will never disclose to the consumer the name

of party or parties that have requested the consumer file.

16.

In or around March 2010 MERS designed and distributed the flyer to participants in the mortgage industry attached hereto as Exhibit "A" that clearly shows it views itself as a consumer reporting agency covered by the FCRA.

**Q. Does the Fair Credit Reporting Act (FCRA) apply to the accuracy of the information referenced by MERS® FraudALERT?**

A. Yes, because information obtained from MERS® FraudALERT may be used by members to make loan and employment decisions. In addition, under the FCRA, MERSCORP, Inc. (MERS) will respond to requests to correct information used by MERS® FraudALERT. (Exhibit "A" p.2)

17.

MERS has developed policies and procedures to comply with the FCRA section 15 USC § 1681i as evidenced by the training bulletin attached hereto as Exhibit "B" that was issued to all members on or about April 28, 2010.

18.

MERS has a secure portal (https://web1.zixmail.net/s/login?b=mersinc) [5] to allow a consumer to dispute information in the file electronically but will not disclose the information in the file to the consumer.

19.

Plaintiff filed a class action complaint currently pending before this court styled Ronald Sciortino on behalf of himself and all others similarly situated v. Nationstar Mortgage, LLC., case no.: 1:12-CV-01563-AT-WEJ wherein *inter alia* Defendant Nationstar claims to be a debt collector for Fannie Mae.

20.

On or about March 1, 2012 Plaintiff filed another Class action complaint currently pending before this court styled Ronald Sciortino on behalf of himself *and all others similarly situated* v. Barrett Daffin Frappie Levin & Brock, LLP, case no.: 1:12-CV-1322-AT-WEJ wherein *inter alia* Defendant claims it is a debt collector and that Nationstar is the creditor to whom the debt was owed, not Fannie Mae.

21.

In an attempt to clear the confusion and discover the true creditor, Plaintiff requested his consumer file from MERS on May 17, 2012 through the internet

---

[5] Last visited July 13, 2012

secure portal website listed above.  See attached Exhibit "C" incorporated herein by reference.[6]

22.

Defendant responded by on May 18, 2012 stating the Plaintiff should contact his servicer and did not release all the information in the Plaintiff's file as requested or disclose the identity of each person (including each end-user identified under section 1681e (e)(1) of the Fair Credit Reporting Act) that procured a consumer report— (i) for employment purposes, during the 2-year period preceding the date on which the request was made; or (ii) for any other purpose, during the 1-year period preceding the date on which the request was made.

23.

Plaintiff requested his consumer file from MERS on June 5, 2012 through the internet secure portal website listed above.  See attached Exhibit "D" incorporated herein by reference.

24.

Defendant responded on June 6, 2012 stating the Plaintiff should contact his servicer and did not release all the information in the Plaintiff's file as requested or disclose the identity of each person (including each end-

[6] Exhibit "C" refers to the MERS MIN Milestone Report, the name given by MERS to identify a consumer file on the MERS system.

user identified under section 1681e (e)(1) of the Fair Credit Reporting Act)

that procured a consumer report— (i) for employment purposes, during the

2-year period preceding the date on which the request was made; or (ii) for

any other purpose, during the 1-year period preceding the date on which the

request was made.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

25.

Plaintiff repeats and realleges the allegations in the preceding paragraphs of

this Complaint, and incorporate the same herein by this specific reference as

though set forth herein in full.

26.

Pursuant to 15 U.S.C. § 1681g(a):

Every consumer reporting agency shall, upon request, and subject to

section1681h (a)(1) of this title, clearly and accurately disclose to the

consumer:

(1) **All information in the consumer's file at the time of the**

**request**, except that -

(A) if the consumer to whom the file relates requests that the

first 5 digits of the social security number (or similar

identification number) of the consumer not be included in the disclosure and the consumer reporting agency has received appropriate proof of the identity of the requester, the consumer reporting agency shall so truncate such number in such disclosure; and

(B) nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer.

(2) **The sources of the information**; except that the sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purpose need not be disclosed: **Provided, That in the event an action is brought under this subchapter, such sources shall be available to the plaintiff under appropriate discovery procedures in the court in which the action is brought.**

**(3)** (A) **Identification of each person (including each end-user identified under section 1681e (e)(1) of this title) that procured a consumer report—**

**(i) for employment purposes, during the 2-year period**

**preceding the date on which the request is made; or**

**(ii) for any other purpose, during the 1-year period**

**preceding the date on which the request is made.**

**(B) An identification of a person under subparagraph**

**(A) shall include—**

**(i) the name of the person or, if applicable, the trade**

**name (written in full) under which such person conducts**

**business; and**

**(ii) upon request of the consumer, the address and**

**telephone number of the person…**  (emphasis supplied)

27.

Defendant failed to disclose, upon request of the Plaintiff, all information in the consumer's file at the time of the request or the source of the information.

28.

Defendant failed to disclose the identity of each person (including each end-user identified under section 1681e (e)(1) of this title) that procured a consumer report— (i) for employment purposes, during the 2-year period preceding the date on which the request was made; or (ii) for any

other purpose, during the 1-year period preceding the date on which the request was made.

29.

By reason of the conduct alleged herein Defendant willfully did not comply with 15 U.S.C. § 1681g(a) and is liable to the Plaintiff for actual damages of up to one thousand dollars ($1,000), punitive damages and the costs of the action together with reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. § 1681N(a).

## COUNT II
## CLASS ALLEGATIONS

30.

The named Plaintiff and others similarly situated to him, repeat and reallege the allegations in the preceding paragraphs of this Complaint,  and incorporate the same herein by reference as though set forth herein in full.

31.

Plaintiff brings this claim on behalf of a proposed class, consisting of:

(a)     all consumers as defined by the FCRA;

(b)     that requested their consumer file from MERS;

(c)     did not receive the complete file and/or source of the information; or

(d)     MERS did not disclose the identity each person (including each end-
        user identified under section 1681e (e)(1) of this title) that procured a

consumer report— (i) for employment purposes, during the 2-year

period preceding the date on which the request is made; or (ii) for any

other purpose, during the 1-year period preceding the date on which

the request is made;

(e)      on or before a date two years prior to the filing of this complaint.

32.

Plaintiffs seek class action certification and are authorized to maintain this

suit as a class action pursuant to the Federal Rules of Civil Procedure 23(b)(1);

23(b)(2) and 23(b)(3).

33.

The persons included in each Class set out above are so numerous that

joinder of all parties is impractical.

34.

Upon information and belief there are more than one thousand (1,000)

members of the proposed class.  More precise information concerning the size and

identification of class members will be obtained through discovery and set forth in

Plaintiffs subsequent Motion for Class Certification.

35.

The claim of each potential class member is relatively small, such that it is

not economically feasible to bring individual actions for each member of the class.

36.

The claims of class representative Ronald Sciortino are typical of the claims of the proposed class.

37.

The questions of law and fact which are common among members of the class are whether Defendant violated the FCRA by not disclosing all information in the consumer file at the time of the request of the Plaintiff and putative class members and/or not disclose the identity each person (including each end-user identified under section 1681e (e)(1) of this title) that procured a consumer report— (i) for employment purposes, during the 2-year period preceding the date on which the request was made; or (ii) for any other purpose, during the 1-year period preceding the date on which the request was made.

38.

The questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to any other method of fair adjudication of the class presented.

39.

The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for

the party opposing the class.

40.

The representative party and their counsel will take those actions necessary to protect the interests of the class members.

41.

Plaintiff has retained counsel with experience in prosecuting complex litigation and consumer protection statutes.

42.

The basis for class certification under Rule 23(b)(1)(A) is that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants.

43.

The basis for class certification under Rule 23(b)(1)(B) is that adjudication with respect to individual members of the class would be, as a practical matter, dispositive of the interests of the other members not parties to the adjudications.

44.

The basis for class certification under Rule 23(b)(2) is that the Defendant has refused to act on grounds generally applicable to the class thereby making

appropriate final injunctive relief and corresponding declaratory relief with respect
to the class as a whole.

WHEREFORE, Plaintiff request a trial by jury on all claims so triable and
respectfully requests the Court enter judgment in favor of Plaintiff and against
Defendants for:

a.  a declaration the Defendant violated the FCRA;

b.  order the Defendant to produce the Plaintiff and putative Plaintiff's entire
    consumer report, the source of the information and the identity of each
    person (including each end-user identified under section 1681e (e)(1) of this
    title) that procured a consumer report— (i) for employment purposes, during
    the 2-year period preceding the date on which the request was made; or (ii)
    for any other purpose, during the 1-year period preceding the date on which
    the request was made;

c.  actual damages for the Plaintiff;

d.  statutory damages the named Plaintiff and for each member of the class;

e.  punitive damages for willful noncompliance with the FCRA;

f.   attorneys' fees, litigation expenses and costs of suit;

g.   such other and further relief as the Court deems just and proper.

     Respectfully submitted this 13th day of July, 2012

[Signature on the following page]

/s/Stephen Minsk
Minsk & Associates, LLC.
Mr. Steven Minsk, Esq.
State Bar No. 511366
1451 Biltmore Drive N.E.
Atlanta, GA  30329
770 -861-7201 Telephone
Attorney for Plaintiff
stephenminsk@minsklaw.com

## <u>CERTIFICATION OF COMPLIANCE WITH L.R. 5.1B</u>

I hereby certify that the foregoing has been computer processed with 14 point New Times Roman Font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

Dated: July 13, 2012